IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CASEY LUCZAK,

    Petitioner,

v.                                   Civil Action No. 5:16CV189
                                                    (STAMP)

JOE COAKLEY, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING PETITIONER'S OBJECTIONS,
AND DENYING AS MOOT PETITIONER'S
MOTION FOR INJUNCTIVE RELIEF
AND MOTION FOR EXPEDITED RULING**

I. Procedural History

The pro se[1] petitioner, Casey Luczak, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). ECF No. 1. The petitioner also filed a motion for injunctive relief for release from custody under 42 U.S.C. § 17541(b) (ECF No. 49 at 5), and a motion titled as "Motion for Expedited Service," which will be construed by this Court as a motion for an expedited ruling (ECF No. 51). The action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

On December 21, 2016, the petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. The petitioner alleges that: (1) the petitioner was illegally held in a low-security prison for 13 months after surrendering to a satellite prison camp by court order, (2) the Federal Bureau of Prisons ("BOP") has been illegally taking payments under the guise of the Inmate Financial Responsibility Program ("IFRP") from petitioner's prison account for 77 months in disregard of a court order, (3) the BOP refuses to assure petitioner can be released on the specific date he completes 75% of his originally imposed sentence, and refuses to credit him with his good time credits in accord with the BOP Program Statement, (4) the BOP refuses to file a motion to petitioner's sentencing court for sentence reduction based on four constitutional issues which include (a) the premature seizure of untainted assets, which deprived the petitioner of hiring counsel of choice with his own funds, (b) trial counsel's inducement for petitioner to change his plea to guilty with no sentencing plan in place, (c) petitioner's fatally defective indictment, and (d) malicious prosecution that lead to a fraudulent restitution list and amount. ECF No. 1 at 5-6. The magistrate judge's report and recommendation also considered his first amendment to his § 2241 petition (ECF No. 9). See ECF No. 45 at 9-10.

On September 27, 2017, the respondent filed a motion to dismiss or in the alternative for summary judgment. ECF No. 15.

The respondent argues that: (1) the petitioner failed to exhaust his administrative remedies, (2) the petitioner is a voluntary participant in the IFRP program and can withdraw at any time, (3) the petitioner does not have a right to placement in the facility of his choice, (4) the court lacks subject matter jurisdiction to review petitioner's conditions of confinement claim pursuant to 28 U.S.C. § 2241, and (5) petitioner cannot meet the Jones criteria to challenge his conviction and sentence. ECF No. 16 at 9-21. The petitioner filed his Roseboro reply on October 19, 2017. ECF No. 22. In his reply, the petitioner requests that this Court remand his case for re-sentencing to time served based on his wrongful custody placement and IFRP claim. ECF No. 22 at 2. The petitioner also requests that his five years of supervised release be dismissed and his assets be returned. ECF No. 22 at 2.

On November 3, 2017, the petitioner filed a motion to amend his complaint indicating that he had made it clear that he would stay with his common law wife after incarceration, but that the case manager advised petitioner that the probation office disapproved of his living with her because she should have been indicted. ECF No. 23 at 6. The petitioner maintains that this confirms that the execution of the sentence by the BOP is improper and illegal. ECF No. 23 at 6. For relief, he seeks that the BOP be ordered to release him to a Residential Reentry Center ("RRC") placement ten months prior to his home detention eligibility date,

specifically the Talbert House Cornerstone. ECF No. 23 at 10. Also, the petitioner asks for an order compelling the probation office to produce the letter disapproving his relocation to his common law wife's home. ECF No. 23 at 10.

On December 6, 2017, the respondent filed a motion to dismiss or in the alternative for summary judgment of petitioner's amended petition. ECF No. 26. The respondent argues that (1) the petitioner's supervised release claim is not cognizable under 28 U.S.C. § 2241, (2) the petitioner does not have a right to placement in the facility of his choice, (3) the petitioner cannot meet the Jones criteria to challenge his conviction and sentence; and (4) the petitioner's motion to compel denial of petitioner's release plan should be denied because the respondent was supposed to defer to the probation officer. ECF No. 27 at 6-13.

The petitioner then filed what he titled as "Omnibus Motion: (1) Petitioner's Rejoinder to Respondent's Motion to Dismiss Amended Petition, or in the Alternative for Summary Judgment and Response to Show Cause; (2) Petitioner's Motion to Strike Respondent's Motion to Dismiss Plaintiff's Amended Motion, or in the Alternative for Summary Judgment; (3) Petitioner's Motion for Summary Judgment; and (4) Motion for Release on Personal Recognizance Pending Appeal." ECF No. 34. The petitioner asserts that "[h]e now compromises that he holds contiguous eligibility for a non-medical elderly inmate decrease in sentence by way of

freedom from the 'unlawful' extortion of an 'involuntary' monthly fee having been withdrawn from his isolated prison account for 89 months under the beclouding of policy through the . . . IFRP . . ." ECF No. 34 at 1. In his reply, the petitioner takes note of the procedural history, the BOP's awareness of the court order, and that respondent's action prompts entry of Presentence Investigation Report ("PSR") evidence. ECF No. 34 at 2-9. He also explains that the PSR was tampered with and that he has been over-sentenced with supervised release. ECF No. 34 at 10-15. He asserts that PSR tampering proves that four-level enhancement is impossible. He further argues that the Federal Bureau of Investigation only reported $19,100.00 of the $35,000.00 that was retrieved in a raid and that $1,977,500.00 was never mentioned throughout the legal proceeding. ECF No. 34 at 17. Finally, the petitioner argued that the respondent misconstrued the court's interpretation of the amendment. ECF No. 34 at 20-25. The petitioner filed a new motion for leave to file exhibits in response to respondent's motion to dismiss. ECF No. 35 at 1.

On May 14, 2018, the petitioner filed what he called "Combined Motion; (1) Insistent on Immediate Partial Summary Judgment with Declaration in Support; (2) To Compel Discovery for Inspection with Affidavit in Support." ECF No. 37. The petitioner requests that the Court order the BOP to produce in discovery the petitioner's PSR. ECF No. 37 at 7.

5

United States Magistrate Judge James E. Seibert then entered a report and recommendation recommending that respondent's motions to dismiss or for summary judgment (ECF Nos. 15 and 26) be granted and the petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No.1) and amended petition be denied and dismissed with prejudice. ECF No. 45 at 28. The magistrate judge also recommended that the petitioner's motion to compel (ECF No. 23), omnibus motion (ECF No. 34), motion for appointment for counsel (ECF No. 36), and combined motion (ECF No. 37) be denied as moot. Id. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Id. The petitioner timely filed objections. ECF No. 48.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. <u>Discussion</u>

Because the petitioner filed objections to the report and recommendation, this Court reviews the magistrate judge's recommendation <u>de novo</u> as to those findings to which objections were made.

For the reasons stated below, this Court adopts and affirms the report and recommendation of the magistrate judge (ECF No. 45), overrules the petitioner's objections (ECF No. 48), and dismisses the petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2241 and amended petition (ECF Nos. 1 and 9) with prejudice. This Court further denies the petitioner's motion for a preliminary injunction (ECF No. 49) and motion for an expedited ruling (ECF No. 51).

In his objections, the petitioner argues that the law violates the Due Process Clause of the Fifth and Fourteenth Amendments. ECF No. 48 at 6. The petitioner explains that there was PSR tampering by government officials and malicious prosecution. <u>Id.</u> at 9. The petitioner then argues that, "when any filing takes 20 months to deliver judgment, and this filing has only reached the R&R stage, it inevitably violates the petitioner's due process rights. The time delay oftentimes affects the entire legal proceeding since changes and new events alter the expectations, as in the case at bar." <u>Id.</u> at 10, 13. He additionally asserts that the "[C]ourt erred by failing to apply Fed. R. Crim. P. 32(3)(c)(D). With this

7

tampering being so severe, the court should have made a finding and prepared a written record of that finding and determination. In turn, the result should have been appended and made available to the BOP." Id. at 14. With respect to his placement after release, the petitioner argues that the probation officer does not hold the authority to deny his placement and he asks the court to issue an injunction. Id. at 16. Moreover, the petitioner argues that BOP's discretion with respect to his RRC placement violated his liberty interest. Id. at 17. Specifically, the petitioner was allegedly advised that he was unsuitable for RRC placement due to his medical care status and ongoing treatment/surveillance, which the petitioner challenges as irrational because the petitioner never needed treatment of any kind, "and what 80-year-old is not under surveillance for something?". Id. at 18. Further, the petitioner argues that although the IFRP program is "voluntary" it would have been burdensome if he did not participate. Id. at 19-20. Finally, the petitioner asserts that his custody classification is inappropriate, explaining that he is imprisoned with people half his age and with higher custody classifications. Id. at 20-21. For relief, he asks the court to order the BOP to grant him six months of home confinement. Id. at 19.

After filing his objections, the petitioner also filed a motion for a provisional injunction on August 20, 2018. ECF No. 49. The purpose of the injunction is to "prevent the petitioner from

8

suffering irreparable harm while he awaits final disposition of this § 2241, keeping to the forefront the fact he presents irrefutable evidence that his PSR has been illegally tampered with in a blatant breach of 'obstruction of justice.'" Id. at 1. He also insists on release from custody under 42 U.S.C. § 17541(b). Id. at 5. Additionally, the petitioner filed a motion for an expedited ruling on August 20, 2018. ECF No. 51.

Upon de novo review, this Court is of the opinion that the magistrate judge's report and recommendation should be adopted and affirmed in its entirety and the petitioner's objections should be overruled in that the magistrate judge correctly found that, first, the petitioner failed to exhaust administrative remedies. ECF No. 45 at 14. The magistrate judge noted that the BOP provides a four-step administrative process for prisoner grievances and that an inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all four levels. Id. at 13. The magistrate judge further explained that the petitioner alleges that he exhausted his administrative remedies with regard to the IFRP because the IFRP is central to the collection of restitution, and he therefore attacked the IFRP through his forged restitution list. Id. at 14. However, the grievance was rejected, and the petitioner did not file an appeal. Id. The petitioner claimed that he presented his IFRP claim when legal documents were presented to the BOP clearly stating a court order contradicted

9

withdrawals. ECF No. 22 at 14. However, the magistrate judge correctly found that the grievance was not exhausted until after the petition was filed; therefore, the court could refuse to address claims raised in his petition other than his compassionate release claim. ECF No. 45 at 14. Ultimately, the magistrate judge rightfully concluded that despite the failure to exhaust remedies, since the exhaustion requirement is only judicially imposed in these proceedings, the court has discretion to waive the requirement. Id. at 15-16. The magistrate judge was justified in choosing to do so in this case to save judicial time and resources. Id.

Second, the magistrate judge correctly concluded that the petitioner cannot complain that the BOP is collecting restitution payments after he elected to participate in the IFRP. Id. at 17. The judge noted that after a prisoner has chosen to participate in the program, the BOP has authority to encourage voluntary payments in excess of those required by court judgment by conditioning the receipt of certain privileges during the term of imprisonment on the inmate's participation in the IFRP. Id. (citing United States v. Lemoine, 546 F. 3d 1042 (9th Cir. 2008); McGhee v. Clark, 166 F. 3d 884 (7th Cir. 1999)).

Third, the magistrate judge was justified in finding that the petitioner was ineligible for compassionate release since he has not served ten years, or 120 months. ECF No. 45 at 18. He noted

10

that under the BOP Program Statement § 5050.49, compassionate release applies to prisoners age 65 years or older who have served the greater of ten years or 75% of the term of imprisonment to which the inmate was sentenced. Id. at 17-18. Since the petitioner was sentenced to 121 months of imprisonment, 75% of the sentence is slightly more than 90 months. Id. at 18.

Fourth, the magistrate judge correctly held that the Court and the sentencing court does not have authority to resentence the petitioner. Id. at 19. Specifically, the magistrate judge referenced 18 U.S.C. § 3582(c)(1)(a)(I) which states that upon motion of the Director of the Federal Bureau of Prisons, the Court may reduce the term of imprisonment, if it finds that extraordinary and compelling reasons warrant a reduction. Id. at 18. Under the United States Sentencing Guidelines, extraordinary and compelling reasons include medical conditions, age, family circumstances, and other reasons as determined by the Director. Id. The petitioner's arguments are challenges to his conviction and do not fit the definition of extraordinary and compelling reasons. Id. at 19.

Fifth, the magistrate judge correctly found that the petitioner's allegations with respect to 13 months incarceration in a low security prison fails to state a claim for habeas relief. Id. at 20. The magistrate judge noted that the power to designate the place of confinement of a federal prisoner rests with the United States Attorney General and that the BOP has discretion to

11

determine where a federal prisoner is incarcerated. Id. at 19 (citing Ange v. Paderick, 521 F.2d 1066, 1068 (4th Cir. 1975); Cochran v. Morris, 73 F.2d 1310, 1318 (4th Cir. 1996)). Further, the judge correctly held that a prisoner has no constitutional right to be placed in a certain correctional facility and has no legitimate statutory basis. ECF No. 45 at 19 (citing Olim v. Wakinekona, 461 U.S. 238-244-45 (1983); Meachum v. Fano, 427 U.S. 215, 244-25 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)).

Sixth, the magistrate judge properly recommended dismissal of the petitioner's claims regarding conditions of his confinement. ECF No. 45 at 20-21. The judge correctly referenced 28 U.S.C. § 2241, which allows petitions to attack the manner in which a sentence is executed, and permits challenges to the fact or duration of confinement. Id. at 20. This does not include challenges regarding the conditions of confinement which may be brought in a civil rights action. Id.

Seventh, the magistrate judge rightfully recommended dismissal of the petitioner's challenge regarding his residence with his common law wife upon release. Id. at 21-22. The magistrate judge found that disapproval of his release plan does not affect the fact or duration of confinement and is therefore not cognizable in a habeas corpus petition. Id. Moreover, any discovery involving such disapproval is not appropriate. Id. at 22.

Eighth, the magistrate judge correctly held that the Court may not grant the petitioner relief with respect to RRC placement. Id. The magistrate judge noted that the petitioner has no protected liberty interest in being placed in RRC prior to release and such decisions fall within the discretion of prison management. Id. Further, the petitioner makes no claim that the BOP failed to make an individualized assessment to confine him in a RRC. Id. at 23.

Ninth, the magistrate judge rightfully recommended dismissal of the petitioner's challenge regarding his supervised release, finding that such a challenge is an attack on the legality of the sentence and not proper under a § 2241 petition. Id.

Tenth, the magistrate judge found that the petitioner is not entitled to the application of the saving clause of § 2255 under either the Jones or Wheeler tests. Id. at 27-28. Under the Jones test, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction when: (1) settled law established the legality of conviction at the time of conviction, (2) the substantive law changed so that the conduct of which the prisoner was convicted is not criminal after the prisoner's direct appeal and first § 2255 motion, and (3) the prisoner cannot meet the gate-keeping provisions of § 2255 because the new rule is not constitutional law. Id. at 26 (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)). Under the Wheeler test, § 2255 is "inadequate and ineffective" to test the validity of a sentence

13

when four conditions are satisfied: (1) settled law of the United States Court of Appeals for the Fourth Circuit or Supreme Court established the legality of the sentence at the time of sentencing, (2) after the petitioner's direct appeal and first § 2255 motion, the law changed and applies retroactively on collateral review, (3) the prisoner is unable to meet § 2255(h)(2) for later motions, and (4) due to a retroactive change, the sentence now presents an error that is a fundamental defect. ECF No. 45 at 27 (citing United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018)). The magistrate judge correctly held that the petitioner's assertions challenge the legality of his conviction and that even if the first and third elements of Jones are satisfied, the second element is not satisfied. ECF No. 45 at 27.

Further, this Court notes that soon after filing his objections, the petitioner filed two motions. First, the petitioner filed a motion for a provisional injunction on August 20, 2018. ECF No. 49. The purpose of the injunction is to "prevent the petitioner from suffering irreparable harm while he awaits final disposition of this § 2241, keeping to the forefront the fact he presents irrefutable evidence that his PSR has been illegally tampered with in a blatant breach of 'obstruction of justice.'" Id. at 1. He also insists upon release from custody under 42 U.S.C. § 17541(b) and six months of home confinement. Id. at 4-5.

14

Additionally, the petitioner filed a motion for an expedited ruling on August 20, 2018. ECF No. 51.

The standard for granting injunctive relief in this circuit is set forth in <u>International Refugee Assistance Project v. Trump</u>, 857 F.3d 554 (4th Cir. 2017), <u>cert. granted</u>, 137 S. Ct. 2081 (2017). "A preliminary injunction is an 'extraordinary remedy,' which may be awarded only upon a 'clear showing' that a plaintiff is entitled to such relief." <u>Int'l Refugee Assistance Project</u>, 857 F.3d at 607-08 (citing <u>Real Truth About Obama, Inc. v. Federal Election Commission</u>, 575 F.3d 342 (4th Cir. 2009) (citing <u>Winter v. Natural Resources Defense Counsel, Inc.</u>, 555 U.S. 7 (2008))). Under the Fourth Circuit standard of review, "[a] preliminary injunction must be supported by four elements: (1) a likelihood of success on the merits, (2) that the plaintiff likely will suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the plaintiff's favor, and (4) that a preliminary injunction is in the public interest." <u>Id.</u> at 608 (citing <u>Real Truth</u>, 575 F.3d at 346).

Upon review of the petitioner's post-objection motions, this Court finds that the petitioner is not entitled to injunctive relief. Looking at the first of the four <u>International Refugee</u> factors, this Court finds that the petitioner cannot succeed on the merits. The petitioner cannot succeed on the merits for the same reasons this Court approves the magistrate judge's recommendation

to grant the respondent's motion to dismiss. Namely, the petitioner has failed to allege any facts and to provide any evidence as to why the petitioner is entitled to such relief under 42 U.S.C. § 17541(b).

Second, this Court finds that the petitioner has failed to show that he will likely suffer irreparable harm without preliminary relief. The petitioner must show "that injury is certain, great, actual and not theoretical." Harper v. Blagg, No. 2:13CV19796, 2014 WL 3750023, at *2 (S.D. W. Va. May 21, 2014) (quoting Tanner v. Fed. Bureau of Prisons, 433 F. Supp. 2d 117, 125 (D.D.C. 2006)). Here, the petitioner will not suffer irreparable harm in the event that he is not released from custody because his purported injury is an infringement on his "liberty interest" protected by the Due Process Clause (see ECF No. 49 at 2) that this Court has determined to be without merit for the reasons set forth above.

Third, this Court finds the balance of equities tips in favor of the respondent. The balance of equities cannot tip in favor of the petitioner because he has not demonstrated that his sentence is illegal. Furthermore, the petitioner has failed to demonstrate that it was not within the sound discretion of the government to deny home confinement.

Lastly, this Court finds that the public interest is in favor of the respondent. As the petitioner points out, it is "always in

the public interest for government officials, including prison personnel, to obey the law . . ." (ECF No. 49 at 4). Because the petitioner has failed to present any evidence to establish an injury, and because the petitioner has failed to meet the other International Refugee factors, it is not in the public interest for this Court to grant an injunction ordering the BOP to release the petitioner to six months of home confinement.

For those reasons, the petitioner's motion for a preliminary injunction would be denied on the merits even if the Court were not already denying it as moot. Similarly, petitioner's motion for an expedited ruling is denied as moot.

## IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 45) is hereby AFFIRMED and ADOPTED and the petitioner's objections (ECF No. 48) are OVERRULED. Specifically, the respondent's motions to dismiss or for summary judgment (ECF Nos. 15 and 26) are GRANTED and the petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and amended petition (ECF No. 9) are DENIED and DISMISSED WITH PREJUDICE. Further, petitioner's motion to compel (ECF No. 23), omnibus motion (ECF No. 34), motion for appointment of counsel (ECF No. 36), and combined motion (ECF No. 37) are DENIED AS MOOT. Petitioner's post-objection motion for a preliminary injunction

(ECF No. 49) and motion for an expedited ruling (ECF No. 51) are DENIED AS MOOT.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 10, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE